Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3927 | **DATE** | 6/10/13 |
| **CASE TITLE** | Isaiah Johnson (R-73381) vs. Cermak Health Services, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The Court authorizes and orders Pontiac Correctional Center officials to deduct $8.94 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Pontiac Correctional Center. The Clerk shall also: (1) dismiss Defendants Cermak Health Services and Cook County Jail; (2) issue summons for service of the complaint on Defendant Nurse Ude; (3) attach a Magistrate Judge Consent Form to the summons for Defendant; and (4) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. The U.S. Marshal is appointed to serve the Defendant. Plaintiff's motion for attorney representation [3] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, Isaiah Johnson, a prisoner at Pontiac Correctional Center, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $8.94. The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement, currently Pontiac Correctional Center, is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Pontiac trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred to another facility.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on June 26, 2012, while detained at Cook County Jail, his hand was severely injured when his cell door closed with his hand in the door jam. The next day, Plaintiff was seen by Nurse Ude regarding his injured hand. After Plaintiff told Nurse Ude that the injury occurred due to a correctional officer, Nurse Ude's attitude changed and it became evident that she would be "covering for the correctional officer." Nurse Ude denied Plaintiff proper medical treatment and/or medication for his injured hand. Nurse Ude again saw Plaintiff again on July 5, 2012, and again, she refused to provide proper medical treatment and/or medication for the hand injury. Plaintiff alleges that the denial of medical care is part of the policy within the jail to provide the least amount of medical care as possible.

Plaintiff may proceed on his claim of deliberate indifference to his serious medical needs against Nurse Ude. The court notes that Plaintiff lists several "claims," such as "violations of the Universal Declaration of Human Rights"

| STATEMENT |
|---|

and "violations of the Standard Minimum Rules for the Treatment of Prisoners." These claims are dismissed as a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff also names Cermak Health Services and Cook County Jail as Defendants. However, neither Cermak Health Services nor Cook County Jail is a suable entity. *See Castillo v. Cook Cnty. Mail Room Dep't,* 990 F.2d 304, 307 (7th Cir. 1993). Accordingly, they are dismissed from this action. Lastly, Plaintiff names "Cook County Jail Director" as a Defendant. Service cannot be made on an un-named party. Once Plaintiff learns of the party's identity, he can submit an amended complaint naming that individual and summons can issue as to that party.

      The United States Marshals Service is appointed to serve Defendant Nurse Ude. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former Cook County Jail employee who can no longer be found at the work address provided by Plaintiff, the County of Cook shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      Plaintiff also seeks attorney representation. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

      When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL 2321349 at *3 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

      After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case. While Plaintiff indicates that he has attempted to retain private counsel, the complaint sets forth a cognizable claim and Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff, whose submissions are coherent and articulate, appears capable of litigating this matter. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.